
554

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James B. Zagel | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 7981 | DATE | 2/18/2004 |
| CASE TITLE | In Re: MATTI M. LAHTINEN, ET AL | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).
(10) ■ [Other docket entry]  **Appellee's Rentrak motion (4-1) to dismiss the bankruptcy appeal is granted.**

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | | Document Number |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| | Notices mailed by judge's staff. | | FEB 2004 | |
| | Notified counsel by telephone. | | date docketed | 8 |
| ✓ | Docketing to mail notices. | | | |
| ✓ | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | | |
| | DW | courtroom deputy's initials | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re:

MATTI M. LAHTINEN and BOZENA
LAHTINEN,

    Debtors.

DOCKETED
FEB 1 9 2004

No. 03 C 7981
Judge James B. Zagel

## MEMORANDUM OPINION AND ORDER

Matti Lahtinen and Bozena Lahtinen ("Debtors") appeal from the denial by the United States Bankruptcy Court for the Northern District of Illinois of their August 13, 2003 motion, pursuant to Federal Rule of Bankruptcy Procedure 9024, to reopen their 1996 bankruptcy case, in which they received a discharge on November 28, 1996. The Debtors filed the motion in order to halt certain actions taken by Rentrak Corporation, a contingent creditor in 1996 by virtue of a personal guarantee signed by Bozena Lahtinen, in a lawsuit filed in the Circuit Court of Cook County alleging, *inter alia*, fraud. On September 15, 2003, following a written objection from Rentrak, a response from Debtors, and a reply from Rentrak, Judge Schwartz announced that he was denying the motion to reopen the case.

At the time of the denial, there was pending in the Cook County action a motion by Rentrak for summary judgment. The county judge had been informed of the attempt by the Debtors to reopen their 1996 bankruptcy case, and had scheduled hearing on the summary judgment motion around a decision by the Bankruptcy Court on the motion to reopen the case. Upon learning of Judge Schwartz's decision to deny the motion on September 15, counsel for Rentrak, wanting to inform the county judge of Judge Schwartz's decision, asked Judge Schwartz to enter a written order. Upon that request, Judge Schwartz ordered Rentrak's counsel to prepare



a written order, to telecopy it to Debtors' counsel, and to return in one week if they were unable to agree on its contents. That same day, however, and unbeknownst to both parties, Judge Schwartz entered a written minute order denying the motion. Counsel subsequently were unable to agree on the contents of the order Rentrak proposed, and returned on September 22 to address their issues. Judge Schwartz sided with Rentrak, and entered the order its counsel proposed and prepared on that day. The September 22 order is, in most ways, identical to the September 15 order, and there has been no motion to alter or amend either order. The Debtors filed a notice of appeal on October 2, and Rentrak now moves to dismiss this appeal as untimely.

Appeals of decisions in federal bankruptcy courts are governed generally by the Federal Rules of Bankruptcy. Rules 8001-8002 require that a notice of an appeal to a district court from a final judgment of a bankruptcy judge be filed with the bankruptcy clerk within ten days of the date of entry of judgment. Timely filing of a notice of appeal is a jurisdictional requirement. *Dugan v. Fremont Fin. Corp.*, No. 93 C 6539, 1994 WL 262052, at *1 (N.D. Ill. June 10, 1994). Here, Rentrak claims that the Debtors' notice of appeal was not filed within the time necessary to file any notice of appeal from the September 15, 2003 (e.o.d. September 16, 2003) order. In response, the Debtors claim that the September 15 order was an administrative error, and that the September 22, 2003, order was the only final, appealable order in this case.[1] The Debtors further claim that even if the September 15 order was a final order, it was modified by the September 22 order, thus generating a new appeal period. Accordingly, I must determine whether the

---

[1] Debtors' claim that they had no notice of the September 15 minute order is irrelevant in light of the fact that counsel for Debtors was in court earlier that day when Judge Schwartz orally pronounced his ruling. *See In re Seatrain Lines, Inc.*, 184 B.R. 660, 662-62 (Bankr. S.D.N.Y. 1995).

September 15 order or the September 22 order constitutes the final, appealable order in this case. If the latter, then the appeal here is timely; if the former, then it is untimely and must be dismissed.

This appeal raises the recurrent problem of which of two documents filed by a court, both arguably pronouncing the court's final order in a matter, constitutes the final, appealable order. I start from the proposition that if, after filing a final disposition, a court files a more formal judgment, the latter does not constitute a second final disposition or extend the appeal period. *In re Slimick*, 928 F.2d 304, 307 (9th Cir. 1990) (citing *United States v. F. & M. Schaefer Brewing Co.*, 356 U.S. 227, 233 (1958)). A disposition is final if it contains "a complete act of adjudication," that is, a full adjudication of the issues at bar, and clearly evidences the judge's intention that it be the court's final act in the matter. *Slimick*, 928 F.2d at 307 (quoting *Schaefer*, 356 U.S. at 234). Here, there can be no question that the September 15 order contained a complete act of adjudicating the motion to reopen the case, as Judge Schwartz denied the motion.

The fact that Judge Schwartz requested that Rentrak's attorney prepare a written order, in accordance with his ruling, does not negate the fact that he entered a final and appealable order of his own, ruling upon, and fully adjudicating, the issue before him. In *In re Defender Drugstores, Inc.*, 127 B.R. 225, 231 (9th Cir. B.A.P. 1991), the court took a matter under advisement at the end of a hearing, and then, later that day, issued a written ruling which encompassed the court's orders on those matters. *Id.* at 230, 231. In that ruling, the court requested that the prevailing parties' attorney prepare a formal written order consistent with the court's ruling. *Id.* That formal written order was entered about 10 days later. *Id.* at 230. The Ninth Circuit B.A.P.

nonetheless held that the first order was a requisite judgment, order or decree from which appeal could be taken under Rule 8002 (a). *Id.* at 231.

The fact that Judge Schwartz entered a second written order on September 22 also does not negate the fact that he entered a final and appealable ruling of his own, ruling upon, and fully adjudicating, the issue before him on September 15. As a general rule, a second order creates a new appeal period only if the second order actually alters the first order, changing the result. *See Charles v. Daley*, 799 F.2d 343, 347-48 (7th Cir. 1986); *In re Souza*, 795 F.2d 855, 857-58 (9th Cir. 1986). For example, in *Dugan*, the bankruptcy court issued a judgment against the plaintiff and in favor of a number of defendants. 1994 WL 262052, at *1. Several days later, the court entered a corrected ruling stating that certain defendants should not have been dismissed. *Id.* The plaintiff attempted to argue that the second, amended order started the running of the appeal period as to one defendant who was dismissed in the first order. However, the district court held that the earlier ruling marked the beginning of the appeal period because the second order did nothing to affect the final judgment in the first order dismissing the defendant. *Id.* Here, the September 22 order did not alter the denial of the motion set forth in the September 15 order. As Debtors acknowledge, there are no material discrepancies between the orders. Therefore, the September 15 order was a final and appealable order, which, when entered on the docket on September 16, started the appeal clock.

Therefore, the September 15 order is a valid, final order, disposing of the parties' rights as to the issues that are also currently on appeal in the case at bar. A notice of appeal of the September 15 (e.o.d. September 16) order would only have been timely if filed by September 26. Because Debtors filed their notice of appeal more than 10 days after September 16 (the e.o.d.

date of the September 15 order), the late filing deprives me of jurisdiction over the appeal and, I must therefore dismiss it.

For the reasons above, Rentrak's Motion to Dismiss is GRANTED.

ENTER:

James B. Zagel
United States District Judge

DATE: 19 February 2004